UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
STANLEY BROWN, JR.,             :     CASE NO. 1:16-CV-0725
                                                :
           Plaintiff,                     :
                                                :
vs.                                          :     OPINION & ORDER
                                                :     [Resolving Doc. No. 1]
STATE OF OHIO,                      :
                                                :
           Defendant.                  :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Stanley Brown, Jr. filed this action against the State of Ohio, Judge Deborah LeBarron and Judge Steven E. Gall to contest his detention and prosecution on charges of breaking and entering. He does not assert any legal claims. He asks this Court to explain to the Cuyahoga County Court of Common Pleas that he has not been properly charged, and order his release.

**I.  Background**

Plaintiff states he received a letter from the Euclid Municipal Court telling him to appear in Court on a criminal complaint for breaking and entering, a fifth degree felony, pertaining to an incident that occurred in September 2015. He claims the summons was an obvious mistake because he had not been arrested and therefore could not be charged with a crime. He appeared in the Euclid Municipal Court as ordered with the intention of telling the Court that a mistake had been made. Instead of convincing the Court to release him, Plaintiff discovered he had been indicted by the Cuyahoga County Grand Jury and was arrested. He is being held in the

Cuyahoga County jail awaiting trial.  Plaintiff states he had just secured housing through the Gateway Community and he would like to be released.  He also asks this Court to explain to the Common Pleas Court that he was not arrested in September 2015.

## II.  Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted.[1]  A Complaint fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a legal claim that entitles him to the relief he seeks.[2]  This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he has to do more than just state that the Defendant harmed him.[3]  A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[4]  When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[5]

## III.  Analysis

Plaintiff's Complaint does not meet the basic pleading requirements.  At a minimum, it must give the Defendants fair notice of what the Plaintiff's legal claims are and the facts he is

---

[1]  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[2]  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[3]  *Iqbal*, 556 U.S. at 678.

[4]  *Id.*

[5]  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

using to support them. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not identify any federal claim in his Complaint and none is suggested by the nature of his allegations. It appears he wants Federal Court to intervene in his pending state criminal prosecution and order his release from jail. This Court cannot interfere with an on-going state criminal case or grant that relief.[6]

### IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

Dated: April 29, 2016                                *s/ James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[6] *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

[7] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.